ASH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexander Duane Odette, | No. CV 20-02450-PHX-DGC (JZB) |
| Petitioner, | |
| v. | **ORDER** |
| David Shinn, | |
| Respondent. | |

Petitioner Alexander Duane Odette, who is confined in the Arizona State Prison Complex-Florence, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will require an answer to the Petition.

**I.   Application to Proceed In Forma Pauperis**

Petitioner's Application to Proceed In Forma Pauperis indicates that his inmate trust account balance is less than $25.00. Accordingly, the Court will grant Petitioner's Application to Proceed In Forma Pauperi*s*. *See* LRCiv 3.5(b).

**II.   Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR2016-124829, of one count of sexual conduct with a minor and two counts of attempted sexual conduct with a minor, and was sentenced to a 19-year term of imprisonment. Petitioner names David Shinn as Respondent, and raises four grounds for relief. In Ground One, Petitioner alleges that his attorney provided ineffective assistance. In Ground Two, he

alleges that his due process and equal protection rights were violated when "counsel was not appointed timely," and the state "did not follow" various statutes and "failed to follow proper sentencing guidelines for first-time offenders." In Ground Three, Petitioner alleges that the trial court abused its discretion in various ways. In Ground Four, Petitioner alleges that various "court rules" were "violated."

The Court will require Respondent to answer the Petition. 28 U.S.C. § 2254(a).

### III.   Appointment of Counsel

Petitioner requests that counsel be appointed to assist him with this action. "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Petitioner has not made the necessary showing for appointment of counsel at this time, and his request for appointed counsel will therefore be denied without prejudice. If the Court later determines that an evidentiary hearing is required, counsel will be appointed in accordance with Rule 8(c) of the Rules Governing Section 2254 Proceedings.

### IV.   Warnings

#### A.   Address Changes

If Petitioner's address changes, Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B.   Copies

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to

comply may result in the filing being stricken without further notice to Petitioner.

### C.     Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)     Petitioner's request that counsel be appointed for him is **denied**.

(3)     The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office.  Pursuant to the Memorandum of Understanding, copies of the Petition and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State of Arizona to designated electronic mail addresses.  Within 2 business days, the Attorney General's Office will acknowledge receipt of the Petition and the Court's Order and within 5 business days will either file a notice of appearance on behalf of Respondents or will notify the Court of the names of the Respondents on whose behalf the Arizona Attorney General's Office will not accept service of process.

(4)     Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer.  Respondents may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims.  The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S.

198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim.  If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  If not, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(5) Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(6) Petitioner may file a reply within 30 days from the date of service of the answer.

(7) This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation

Dated this 7th day of January, 2021.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

TERMPSREF