**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexander Duane Odette,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn,<br><br>    Respondent. | No. CV-20-02450-PHX-DGC<br><br>**ORDER** |

Petitioner Alexander Odette is serving time in Arizona state prison for sexual contact with a minor. He commenced this federal action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Magistrate Judge John Boyle issued a report recommending that the Court deny the petition and a certificate of appealability ("R&R"). Doc. 22. Odette filed an objection and the government responded. Docs. 25, 28. The Court accepted the R&R and denied the habeas petition and certificate of appealability. Doc. 34. Odette moves the Court to reconsider its order. Doc. 36. For reasons stated below, the Court will deny the motion.

**I.    Background.**

Odette pled guilty to one count of sexual contact with a minor and two counts of attempted sexual conduct with a minor in Maricopa County Superior Court case number CR2016-124829-001. Doc. 1 at 1. Pursuant to the plea, the superior court imposed a slightly mitigated 19-year prison sentence for the sexual contact offense and lifetime

probation for the attempt offenses. Doc. 16-1 at 58; *see also State v. Odette*, No. 1 CA-CR 19-0090 PRPC, 2019 WL 4271907, at *1 (Ariz. Ct. App. Sept. 10, 2019). Odette timely sought post-conviction relief ("PCR"), which was denied. *Odette*, 2019 WL 4271907, at *1.[1] The Arizona Court of Appeals granted review and denied relief. *Id.* at *2. Odette did not seek review by the Arizona Supreme Court, and the Court of Appeals issued its mandate on December 9, 2019. Doc. 16-2 at 125.

## II.  Odette's Habeas Petition and Judge Boyle's R&R.

Odette brought this federal habeas action in December 2020. Doc. 1. He asserted four grounds for relief: (1) ineffective assistance of trial counsel based on counsel's failure to challenge the state's motion to amend the indictment, failure to present any meaningful defense, and "insist[ence]" that Odette plead guilty (*id.* at 6); (2) violations of due process and equal protection based on untimely appointment of counsel and the state's failure to follow various state statutes and court rules or to follow state sentencing guidelines for first-time offenders (*id.* at 8); (3) abuse of discretion by the trial court based on its decisions to allow a late filing from the government and not allow a reply brief from Odette, Odette's non-receipt of a requested transcript, and allegedly erroneous information in a transcript (*id.* at 9); and (4) failure by the state to follow various state court rules in the adjudication of Odette's PCR petition (*id.* at 11).

In his R&R, Judge Boyle recommended that the Court forego a decision on timeliness, even though Odette's petition was untimely by one week, because the disruption caused by the COVID-19 pandemic was significant. Doc. 22 at 5. Judge Boyle recommended that many of the claims asserted in grounds one and two be denied because by pleading guilty Odette waived all pre-plea, non-jurisdictional constitutional errors. *Id.* at 8-10. Insofar as ground one challenged the voluntary nature of Odette's plea, Judge Boyle recommended it be denied as meritless. *Id.* at 8. Regarding ground two, Judge Boyle found that Odette's claims regarding untimely appointment of counsel were

---

[1] Appointed PCR counsel reviewed Odette's file and found no colorable claim for relief, so Odette represented himself in his PCR proceedings. *Id.*

unexhausted, procedurally defaulted, and without merit because Odette was not entitled to counsel during the grand jury proceeding. *Id.* at 11. Judge Boyle found that the remaining claims of ground two were premised on violations of state law, could not be converted into federal issues simply by characterizing them as violations of federal due process, and were thus non-cognizable. *Id.* at 11-12. He recommended that the claims in ground three be denied because they were either unexhausted and procedurally defaulted or procedural errors during Odette's PCR proceeding that were non-cognizable. *Id.* at 12. Finally, Judge Boyle recommended that ground four be denied because it asserted claims based solely on the state court's application of state court rules. *Id.* at 13.

### III. Odette's Objections and the Court's Order.

Odette filed objections to Judge Boyle's R&R. Doc. 25. Regarding ground one, Odette relied on *Blackledge v. Perry*, 417 U.S. 21 (1974), and objected to Judge Boyle's determination that he had waived all claims for pre-plea constitutional violations by pleading guilty. *Id.* at 5. He went on to argue that his plea was not voluntary or intelligent, citing diagnoses for mental disorders that made him more likely to have his will overborne by his attorney, the government, and the judge's encouragements that he take a plea. *Id.* He also argued that his attorney was ineffective by advising him that he faced a longer prison sentence than he actually did, failing to object to the government's motion to amend the indictment, and planning to rely on insufficiency of the evidence as a primary defense. *Id.* at 6-8.

Addressing ground two, Odette again objected to Judge Boyle's determination that he waived claims for untimely appointment of counsel by pleading guilty. *Id.* at 12. Odette also argued that he was entitled to counsel during the grand jury proceeding. *Id.* He further objected to Judge Boyle's finding that claims alleging the state did not follow various state statutes and procedural rules were non-cognizable, arguing that a state court's violation of state law constitutes a violation of his federal right to due process. *Id.* at 3.

Regarding ground three, Odette did not clearly object to any of Judge Boyle's conclusions, primarily re-urging that the state court abused its discretion by allowing the

state to file an untimely response to his Rule 32 petition. *Id.* at 10-11. As to ground four, Odette again argued that a state's violations of state rules violated his federal due process rights. *Id.* at 13.

The Court considered Odette's objections and adopted Judge Boyle's R&R in full. Doc. 34. The Court did not rule on equitable tolling because the administration of justice was better served by addressing the merits of Odette's petition. *Id.* at 7.

Regarding ground one, the Court found that by pleading guilty Odette waived ineffective assistance of counsel claims except to the extent that they challenged the voluntary and intelligent nature of his guilty plea. Doc. 34 at 8. The Court explained that Odette's reliance on *Blackledge* did not save his claims from waiver because *Blackledge* held only that jurisdictional challenges were not waived by a guilty plea and Odette did not bring any jurisdictional challenges in his petition. *Id.* at 8-9. The Court also held that Odette's allegation that his trial lawyer was "insistent" on him taking a plea did not sufficiently attack the voluntary nature of his plea. *Id.* at 9. The Court noted that Odette raised a host of new arguments and factual allegations in his objections, including the arguments involving his mental disorders. *Id.* The Court held that it was not required to consider new evidence presented for the first time in a party's objection to an R&R. *Id.* The Court also explained that even if it were to consider Odette's newly raised allegations, he had not shown that the state court's resolution of the issue was contrary to or involved an unreasonable application of clearly established law as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented to it. *Id.* The Court observed that the trial court in Odette's PCR proceeding ruled that his claim that he "wanted to go to trial but his attorney, the prosecutor, and judge continuously encouraged him to take the plea . . . . is not factually supported by the record." *Id.* at 10 (quoting Doc. 16-2, Ex. L, at 66). Finally, the Court noted that Odette did not argue that his plea was involuntary before the Arizona Court of Appeals, rendering the claim unexhausted and procedurally defaulted. *Id.* at 10 n.3.

Turning to ground two, the Court found that Odette's challenge to the timeliness of counsel's appointment was waived by his guilty plea and that, in any event, Odette had not shown a constitutional right to counsel during the grand jury stage of his proceedings. *Id.* at 10. The Court further noted that the challenge was unexhausted and procedurally defaulted. *Id.* at 11. The Court found that all other claims asserted in ground two were non-cognizable because they asserted state violations of state laws and Odette could not transform issues of state law into federal questions merely by asserting a violation of federal due process. *Id.* at 12.

The Court held that the alleged errors in his PCR proceedings asserted in ground three were not cognizable in habeas proceedings. *Id.* at 13. And with respect to ground four, the Court again noted that Odette could not make alleged violations of state law cognizable on habeas review merely by characterizing them as due process violations. *Id.*

## IV.   Odette's Motion for Reconsideration.

### A.   Reconsideration Standard.

A motion for reconsideration will be denied absent a showing of manifest error or of new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. LRCiv 7.2(g)(1); *see United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). The motion may not repeat previously made arguments. *See id.*; *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (reconsideration cannot "be used to ask the Court to rethink what it has already thought" through). Mere disagreement with an order is an insufficient basis for reconsideration. *Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008).

### B.   Discussion.

Odette's motion for reconsideration makes three primary arguments: (1) the Court erred by affording deference to the state trial court's decision regarding his ineffective assistance of counsel claim; (2) he did not waive constitutional challenges to his conviction by pleading guilty; and (3) by sentencing him under A.R.S. § 13-705 rather than § 13-701,

the state court violated his federal equal protection and due process rights. The Court will address each argument in turn.

### A.     Ineffective Assistance of Counsel.

Odette argues that whether counsel was effective is a mixed question of law and fact that the Court must review de novo rather than affording any deference to state court rulings. Doc. 36 at 2. In support of this argument, Odette cites several cases: *Pitts v. Le Cureux*, 156 F.3d 1231 (6th Cir. 1998); *Chacon v. Wood*, 36 F.3d 1459 (9th Cir. 1994); *Bryant v. Scott*, 28 F.3d 1411 (5th Cir. 1994); and *Moore v. Johnson*, 194 F.3d 586 (5th Cir. 1999). He asserts that the "appellate court did not find there was effective assistance" in his case, "just that it was adequate." *Id.*

Odette provides no basis for the Court to reconsider its conclusions regarding his ineffective assistance of counsel claims. His arguments show no manifest error or new facts or legal authority he could not have cited in his objections. LRCiv 7.2(g)(1); *see United Nat'l Ins. Co.*, 555 F.3d at 780. Instead, his arguments rely on caselaw from the 1990s and an outdated standard not applicable to his claims. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts are required to defer to the last reasoned state court decision. *See Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018). The cases that Odette cites were either decided before the AEDPA was enacted, *Chacon*, 36 F.3d at 1459 (decided Sept. 7, 1994); *Bryant*, 28 F.3d at 1411 (decided Aug. 18, 1994), or explicitly state that they apply the pre-AEDPA standard of review, *Pitts*, 156 F.3d 1231 (setting out "the appropriate standard of review in a pre-AEDPA case" after finding that the habeas petition had been filed "significantly before the AEDPA became effective"); *Moore*, 194 F.3d at 591 (providing that pre-AEDPA standards applied because the habeas petition was "pending at the time the AEDPA became effective").

Before the AEPDA, a "state court determination of the effectiveness of counsel or of the voluntariness of a guilty plea [was] not subject to deferential review," *Chacon*, 36 F.3d at 1465, but the statute represented a significant shift in the deference due to state court determinations. As explained by the court in *Moore*, a decision cited by Odette:

- 6 -

> [T]he pre-AEDPA standard permits . . . a far more liberal review of state habeas court findings than is allowed by the stringent standard of review embodied in [the] AEDPA's version of § 2254(d). Under [the] AEDPA, a state court's legal conclusion may not be disturbed absent a showing that the state court conclusion is contrary to, or involved an unreasonable application of, clearly established law, as determined by the United States Supreme Court.

194 F.3d at 603.

Odette's habeas petition was filed long after the AEDPA became effective and is subject to its highly deferential standard. The Court will not reconsider its application of the deferential standard.

**B.  Waiver by Guilty Plea.**

Relying on *Blackledge*, Odette again argues that he did not waive his right to bring pre-plea, non-jurisdictional constitutional challenges by pleading guilty. Doc. 36 at 3. He cites several cases to show that the Court can reach his constitutional claims despite his guilty plea and argues that because state courts have not considered them, the Court must do so de novo. *Id.* at 3-4.

The Court already considered Odette's *Blackledge* argument in its original order. Doc. 34 at 7-9. As previously explained, the *Blackledge* line of cases does not support Odette's argument that the claims he asserts were not waived by his guilty plea. *Blackledge* held only that *jurisdictional* challenges survive a guilty plea, and Odette brings no such challenges. *Id.* at 8-9. A motion for reconsideration cannot "be used to ask the Court to rethink what it has already thought" through. *Motorola, Inc.*, 215 F.R.D. at 582. The Court will not reconsider its conclusion that Odette waived all pre-plea, non-jurisdictional constitutional challenges by pleading guilty.

**C.  State Court Violations of State Law.**

Odette again argues that the state should have sentenced him pursuant to A.R.S. § 13-701 rather than § 13-705. Doc. 36 at 5. He argues that the state's failure to do so constitutes violations of his federal due process and equal protection rights. *Id.* at 6.

The Court has already considered this argument. Doc. 34 at 12. The Court explained that Odette "may not 'transform a state-law issue into a federal one merely by

asserting a violation of due process.'" *Id.* (citing *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)); *see also Soto v. Lizarraga*, No. 2:19-08010 MWF (ADS), 2020 WL 2200859, at *2 (C.D. Cal. Mar. 17, 2020) (applying *Langford* to equal protection claim). Odette simply re-states his argument, without citation to any new authority or evidence undermining the Court's conclusion. Doc. 36 at 6. This does not support reconsideration. *Motorola, Inc.*, 215 F.R.D. at 582.

**IT IS ORDERED** that Odette's motion for reconsideration of the order denying his petition for writ of habeas corpus (Doc. 36) is **denied**.

Dated this 11th day of August, 2022.

David G. Campbell
Senior United States District Judge